**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3802
_____

DIANE ORN

v.

ALLTRAN FINANCIAL, L.P.,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-18-cv-00599)
District Judge: Honorable James M. Munley
_____

Submitted under Third Circuit L.A.R. 34.1(a)
on July 9, 2019

Before: SHWARTZ, KRAUSE, and FUENTES, *Circuit Judges*

(Opinion filed: July 12, 2019)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Alltran Financial, a debt collector, appeals the District Court's denial of its motion to compel arbitration of Diane Orn's suit under the Fair Debt Collection Practices Act (FDCPA). As Alltran contends that South Dakota law governs whether it can invoke Citibank's arbitration agreement with its cardholders, and the only two theories it raises under South Dakota law prove unavailing, we will affirm the District Court's order.

## I.    Background

In June 2016, Diane Orn opened a credit-card account with Citibank. The credit-card agreement governing her relationship with Citibank included a mandatory arbitration provision stating that "[y]ou or we may arbitrate any claim, dispute or controversy between you and us arising out of or related to your Account . . . (called 'Claims')." App. 47. In identifying who can force arbitration, the agreement repeatedly speaks of "us" or "you," which it defines as "Citibank, N.A." and "[t]he cardmember who opened the Account" respectively. App. 40, 47. But, although the agreement does not expressly allow any third party to compel arbitration, it does provide that "all Claims are subject to arbitration . . . includ[ing] Claims made by or against anyone connected with us or you or claiming through us or you, or by someone making a claim through us or you, such as a co-applicant, authorized user, employee, agent, representative or an affiliated/parent/subsidiary company." App. 47. The agreement also contains a choice-

2

of-law clause providing "[f]ederal law and the law of South Dakota govern the terms and enforcement of this Agreement." App. 48.

After Orn fell behind on her credit-card payments, Citibank referred her account to Alltran for collection. Alltran then sent Orn at least four dunning letters seeking to collect on Orn's account. One of these letters, Orn contends, violated the FDCPA by failing to inform her whether interest would continue to accrue on her account. Orn's complaint, filed in April 2018, neither relies on the terms of the Citibank credit-card agreement nor contends that Citibank committed any wrongdoing. Rather, she named Alltran as the sole defendant.

Having been haled into federal court, Alltran sought to enforce the arbitration provision in Orn's credit-card agreement with Citibank under a third-party beneficiary, agency, or equitable-estoppel theory. The District Court rejected each argument. It held that Alltran could not enforce the arbitration agreement as a third-party beneficiary because the agreement did not evince an intent to benefit Alltran. In considering Alltran's agency theory, the District Court concluded that Alltran was Citibank's agent but Orn's FDCPA claim did not bear a sufficient nexus to the credit-card agreement for Alltran to invoke the arbitration agreement. Finally, the District Court concluded that Alltran could not equitably estop Orn from resisting arbitration under this Court's interpretation of South Dakota law in *White v. Sunoco, Inc.*, 870 F.3d 257 (3d Cir. 2017).

This interlocutory appeal followed.

## II.     Discussion[1]

Before considering the merit of Alltran's appeal, we must determine which jurisdiction's substantive law attends this dispute.  After *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009), federal courts may no longer fashion federal common law rules of third-party enforcement, so we look to the relevant state's substantive law to determine whether Alltran can invoke Citibank's arbitration agreement with its cardholders.  *White*, 870 F.3d at 263.  Although that state might have been Pennsylvania, where Orn resides and received the dunning letters, Alltran urges us to apply South Dakota law based on the card agreement's South Dakota choice-of-law clause, even though a choice-of-law clause, just like an arbitration provision, generally can be invoked only by a party with standing to enforce an agreement.  *See, e.g.*, *In re Henson*, 869 F.3d 1052, 1059 (9th Cir. 2017); *see also Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 119 (2d Cir. 2012); *White*, 870 F.3d at 263 n.6.  Orn does not dispute the applicability of South Dakota law, so we will accept Alltran's entreaty to apply it.

On the merits, Alltran seeks to invoke Citibank's arbitration agreement with its customers as a third-party beneficiary or as Citibank's agent.  Neither theory is availing.

---

[1] The District Court had federal-question jurisdiction over Orn's FDCPA suit under 28 U.S.C. § 1331, and we have interlocutory jurisdiction over the District Court's denial of Alltran's motion to compel arbitration under 9 U.S.C. § 16(a)(1)(C).  Because the District Court did not conduct any fact-finding, we consider de novo the District Court's denial of Alltran's motion to compel arbitration.  *Griswold v. Coventry First LLC*, 762 F.3d 264, 270 (3d Cir. 2014).  We may affirm on any basis supported by the

4

Under South Dakota law, a non-signatory may enforce an agreement as a third-party beneficiary if two conditions are met: (1) "[t]he terms of the contract . . . clearly express intent to benefit that party or an identifiable class of which the party is a member," and (2) "the contract was entered into by the parties directly and primarily for his benefit." *Jennings v. Rapid City Reg'l Hosp., Inc.*, 802 N.W.2d 918, 922–23 (S.D. 2011) (citations omitted); *see also Masad v. Weber*, 772 N.W.2d 144, 153–54 (S.D. 2009) (holding that an express intent to benefit a third party does not suffice). The second condition creates a "but-for" test that requires a non-signatory to show that the parties would not have executed the agreement unless they intended to benefit the third party. *See Jennings*, 802 N.W.2d at 923 ("But for the Employees, . . . they would not have entered into the Agreements. We look only at who was directly and primarily benefited.").

We need not resolve whether the card agreement's mention of "connected entities" manifests a clear intent to grant Alltran the right to compel arbitration, *see White*, 870 F.3d at 267–68 (rejecting a similar argument), because Alltran fails to acknowledge—much less satisfy—this second condition. Without evidence that Citibank and its cardholders would not have entered the card agreement but for the intent to benefit debt collectors like Alltran, it cannot enforce the arbitration provision as a third-party beneficiary under South Dakota law. *See Masad*, 772 N.W.2d at 153–54.

record. *Fairview Twp. v. EPA*, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

5

Alltran's agency theory suffers from an even more fundamental flaw:  It does not cite—and we have not found—South Dakota authority adopting a freestanding "agency" theory of third-party enforcement.  On appeal, the only South Dakota authority Alltran cites to bolster its agency theory does not address third-party enforcement of a contract at all.[2]  *See generally NattyMac Capital LLC v. Pesek*, 784 N.W.2d 156 (S.D. 2010).  Instead, as best as we can tell, South Dakota treats the ability of agents to compel arbitration as a species of equitable estoppel.  Indeed, in *White*, we relied on the South Dakota Supreme Court's decision referencing enforcement of contracts by agents to distill that state's test for equitable estoppel.  *See* 870 F.3d at 264; *Rossi Fine Jewelers, Inc. v. Gunderson*, 648 N.W.2d 812, 815 (S.D. 2002).  This view accords with *Williston on Contracts*, which recites essentially the same tests for equitable estoppel and agency.  *See* 21 Williston on Contracts § 57:19 (4th ed. 2019) (concluding that a putative agent can enforce an arbitration agreement if the plaintiff "must rely on the terms of the written agreement in asserting its claims against the nonsignatory" or the plaintiff "raises allegations of substantially interdependent and concerted misconduct"); *see* 4 Am. Jur. 2d Alternative Dispute Resolution § 62 (2d ed. 2019) (same).

---

[2] The District Court, in rejecting Alltran's agency theory, applied a two-part test developed by a California district court, instead of examining South Dakota case law. That was error.  Following *Arthur Anderson*, a district court should not consider decisions applying federal common law rules of third-party enforcement unless, based on a careful examination of the available state case law, it has assured itself that the relevant state has adopted the same rule.  *See White*, 870 F.3d at 263 n.4.  This error, however, has

Under the applicable test, then, Alltran can enforce the arbitration clause based on its avowed role as Citibank's agent if either (1) "all the claims against the nonsignatory defendants are based on alleged substantially interdependent and concerted misconduct by both the nonsignatories and one or more of the signatories to the contract," or (2) Orn "asserts 'claims arising out of agreements against nonsignatories to those agreements without allowing those defendants also to invoke the arbitration clause contained in the agreements.'" *White*, 870 F.3d at 264 (citation omitted).

Even accepting the District Court's determination that Alltran acted as Citibank's agent, Alltran's agency argument would still falter under either part. On the first, Alltran does not attempt to argue that the allegations against it amount to allegations of misconduct by Citibank, much less "substantially interdependent and concerted misconduct." *Id.* And on the second, Alltran cannot show that Orn's claims "aris[e] out of" the Citibank agreement as we construed that part of South Dakota's test for equitable estoppel in *White* because "the claim[] that [Orn] asserts against [Alltran] do[es] not rely on any terms in the Card Agreement." *Id.* at 264–65.

We do not suggest that an agent can never enforce an arbitration agreement under South Dakota law. But on the specific facts and arguments before us, we have no basis to conclude that South Dakota would allow Alltran, as a non-signatory, to enforce Citibank's arbitration agreement with its customers.

no impact on our disposition or reasoning.

## III. Conclusion

For the aforementioned reasons, we will affirm the District Court's order denying Alltran's motion.